UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00461-RJC-DCK

| | |
|---|---|
| JOSHUA OMAR BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| STATE OF NORTH CAROLINA, ) | |
| MECKLENBURG COUNTY, THE GENERAL ) | |
| COURT OF JUSTICE, F. BROWN JR., ) | |
| SPENCER B. MERRIWEATHER III, BELAL ) | |
| ELRAHAL, W. ROBERT BELL, and ) | |
| ELIZABETH THORTON TROSCH, | |
| | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss (Doc. No. 4), and pro se Plaintiff's Motion for Hearing (Doc. No. 15) and Motion for Declaratory Judgment (Doc. No. 16).

I. **BACKGROUND**

Plaintiff filed this action on September 1, 2021. (Doc. No. 1). The case arises from a criminal action pending against Plaintiff in the Mecklenburg County Superior Court.[1] Plaintiff's filings are not entirely clear, but it appears he seeks to remove the state criminal proceeding to this Court and asserts a number of constitutional, tort, and criminal counterclaims against the State of North Carolina, Mecklenburg County, the Superior Court, the District Attorney, an assistant public defender, and multiple judges. He seeks millions of dollars in damages. In response to the action,

---

[1] Plaintiff filing includes a November 2020 indictment against Plaintiff for assault inflicting serious bodily injury and felonious restraint. (Doc. No. 1-1 at 52).

Defendants filed a motion to dismiss arguing the action was improperly removed, lack of subject matter jurisdiction, improper service of process, lack of personal jurisdiction, various immunities, and failure to state a claim.  (Doc. No. 4).

II. **DISCUSSION**

First, Plaintiff failed to establish a proper basis for removal of the state criminal proceeding. A notice of removal of a criminal prosecution must include all grounds for such removal, and failure to state grounds that exist at the time of the filing of the notice constitute a waiver of such grounds.  28 U.S.C. § 1455(b)(2).  Removal of state criminal proceedings is permitted in certain civil rights cases[2] or where the defendant is a member of the armed forces and the proceeding is on account of an act done under color of his office or status.[3]  *See* 28 U.S.C. §§ 1442a, 1443.  Here, Plaintiff does not assert the action was removed based on either of these grounds, or any other proper grounds.  Rather, his filing references diversity and federal question jurisdiction, neither of which are proper for removal of state criminal proceedings.  *See* 28 U.S.C. § 1441 (allowing removal of civil actions when diversity or federal questions jurisdiction exists).  Thus, Plaintiff failed to establish proper grounds to remove the state criminal proceeding against him to this Court and it must be remanded.  28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice

---

[2] If the criminal defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443.

[3] If the criminal prosecution is "in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war." 28 U.S.C. § 1442a.

and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Next, regardless of whether the Court considers Plaintiff's claims as counterclaims, or, construing Plaintiff's initial filing liberally, as a Complaint bringing an entirely new civil case against Defendants, his claims fail and the action is frivolous. A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an indisputably meritless legal theory and including claims of infringement of a legal interest which clearly does not exist" (quotations omitted)); *Grier v. United States*, 57 F.3d 1066 (4th Cir. 1995) (noting that, when it is clear as a matter of law that no relief could be granted under any set of facts, the court is warranted in either granting a motion to dismiss for failure to state a claim or ordering dismissal *sua sponte* under Rule 12(b)(6)) (unpublished); *Allran v. New York Fed. Reserve Bank*, 2010 WL 2163281 (W.D.N.C. May 27, 2010) (dismissing complaint with prejudice under Rule 12(b)(6) where his claims that a conspiracy by defendants to establish a "New World Order" for the purpose of perpetrating an "evil scheme to rule the world [and] engage in intentional, evil, sinful, unlawful and deceitful acts" fail to state a claim upon which relief can be based), *aff'd Allran v. Wells Fargo*, 424 Fed. Appx. 198 (4th Cir. 2011). Here, Plaintiff brings a number of constitutional, tort, and criminal claims but fails to allege any facts to support his claims or to otherwise state a cognizable claim for which relief may be granted. Similarly, his myriad of additional filings since Defendant's Motion to Dismiss do not allege any facts sufficient to support any cognizable claims for which this Court may grant relief. Therefore, his claims will be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

1. Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED**; and
2. Plaintiff's Motion for Hearing (Doc. No. 15) and Motion for Declaratory Judgment (Doc. No. 16) are **DENIED as moot**.

The Clerk is directed to close this case.

Signed: June 6, 2022

Robert J. Conrad, Jr.
United States District Judge